Filed 9/1/21  P. v. Lawless CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DONALD RAY LAWLESS,<br><br>    Defendant and Appellant. | F081874<br><br>(Super. Ct. No. F19902290)<br><br>**OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  Michael G. Idiart, Judge.

Sara E. Coppin, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\* Before Detjen, Acting P. J., Meehan, J. and Snauffer, J.

## STATEMENT OF APPEALABILITY

This appeal is from a final judgment entered upon a no contest plea, made appealable by Penal Code section 1237.5,[1] subdivisions (a) and (b). The trial court issued a certificate of probable cause.

## STATEMENT OF THE CASE

In a consolidated felony complaint deemed an information on April 30, 2019, appellant Donald Ray Lawless was charged with, among other things, carjacking (§ 215, subd. (a); count 1); unlawful driving or taking a vehicle (Veh. Code, § 10851, subd. (a); counts 3 & 7); receiving a stolen vehicle (§ 496d, subd. (a); counts 4 & 8); and possession of burglar's tools (§ 466; count 9). As to count 1, it was further alleged that Lawless had personally inflicted great bodily injury upon the victim, pursuant to section 12022.7, subdivision (a). As to counts 3, 4, 7 and 8, it was further alleged that Lawless had suffered two prior convictions pursuant to section 666.5, and that the value of the vehicle in the instant offense exceeded $950. As to each count, it was further alleged that Lawless had suffered a prior serious felony conviction pursuant to sections 667, subdivisions (b) through (i) and 1170.12, subdivisions (a) through (d), and that Lawless had suffered four prison priors pursuant to section 667.5, subdivision (b).

On August 27, 2020, Lawless pleaded no contest to count one, and admitted the strike prior. The parties stipulated to a factual basis for the plea, and the prosecution dismissed the remaining counts in light of the plea.

On September 25, 2020, Lawless was sentenced to the lower term of three years, doubled pursuant to section 667, subdivision (e)(1), for a total of six years in state prison.

Lawless filed a timely notice of appeal on October 13, 2020.

---

[1] Unlabeled statutory references are to the Penal Code.

## STATEMENT OF FACTS

According to the probation officer's report, on April 1, 2019, Lawless confronted Jose D. with a gun. Jose D. was then knocked unconscious by a blow to the back of the head, which a witness said was from co-defendant Anthony Turpin. Jose D. awoke in the hospital two days later. When Jose D. was released from the hospital, he found that his vehicle, which had been left at the scene of the attack, had been stolen. Lawless was subsequently identified driving Jose D.'s vehicle while attempting to tow another vehicle. Lawless was arrested.

## APPELLATE COURT REVIEW

Lawless's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating Lawless was advised he could file his own brief with this court. By letter on February 26, 2021, we invited Lawless to submit additional briefing. On March 16, 2021, Lawless responded to our invitation with a two-page letter, which we have read and considered.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.